UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS P. DUTTON, ET. AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV454SNLJ |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiffs' bill of costs and plaintiff Mary Sleater's motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412 [22 and 23, respectively], filed October 6, 2009. The defendant Commissioner has filed a responsive pleading. Document #25 (amended response), filed October 15, 2009.

In the motion and accompanying bill of costs, plaintiff Sleater seeks attorneys' fees in the amount of $3150.00, reimbursement of miscellaneous expenses in the amount of $130.92, and reimbursement of the filing fee of $350.00. The Commissioner objects to any award for attorneys' fees and for the miscellaneous expenses. He argues that plaintiff Sleater pursued this social security benefits litigation as a *pro se* litigant despite being an attorney; thus, she is not entitled to any award of attorneys' fees or costs associated with the litigation.

After careful consideration of the matter, including review of the parties' pleadings and the relevant statutory law and caselaw, the Court will deny the motion for attorneys' fees and the bill of costs, except for the reimbursement of the filing fee of $350.00.

A *pro se* litigant, whether an attorney or layperson, is not entitled to an award of attorneys' fees under the EAJA. *See*, Krecioch v. United States of America, 316 F.3d. 684, 688 (7th Cir.2003); Hexamer v. Foreness, 997 F.2d. 93, 94 (5th Cir. 1993); Celeste v. Sullivan, 988 F.2d. 1069, 1070-71 (11th Cir. 1992); Liberman v. Barnhart, 232 F.Supp.2d. 18, 19-20 (E.D.N.Y. 2002); Mack v. Commissioner of Social Security Administration, 2009 WL 812147 (N.D.Tex. 2009); Walker v. Shalala, 1995 WL 28506 (S.D.N.Y. 1995). This includes any expenses associated with the social security benefits litigation except for the filing fee. The filing fee is a cost distinguished from an expense under the EAJA. *See*, 28 U.S.C. §§1920, 2412(a). Therefore, plaintiff Mary Sleater is entitled to reimbursement of the filing fee of $350.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Mary Sleater's motion for attorneys' fees [23] be and is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiffs' bill of costs [22] shall not be taxed in this cause of action.

**IT IS FINALLY ORDERED** that plaintiff Mary Sleater shall be reimbursed for the filing fee of $350.00 in this cause of action. Plaintiff Sleater shall be compensated for said filing fee from the Judgment Fund administered by the United States Treasury in due course.

Dated this   28th   day of October, 2009.

UNITED STATES DISTRICT JUDGE